[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2011
JOHN LEY
CLERK

No. 10-14218
Non-Argument Calendar

_____

Agency No. A99-938-876


JIN HUA LIU,
YU YI WANG,

                                                          Petitioners,


versus


U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 1, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jin Hua Liu and her husband, natives and citizens of China, petition this Court to review the decision of the Board of Immigration Appeals that affirmed the denial of Liu's application for asylum and withholding of removal under the Immigration and Nationality Act. 8 U.S.C. §§ 1158(b)(1)(B), 1231(b)(3)(A). The Board affirmed the findings of the immigration judge that Liu failed to establish that she had a well-founded fear of forced sterilization or economic penalties amounting to persecution in the Fujian Province for violating family planning laws. We deny the petition.

Because the Board agreed with the finding of the immigration judge that Liu failed to establish that she had an objectively reasonable fear of future persecution, we review the decisions of the Board and the immigration judge. Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009). We review de novo the legal conclusions of the Board and the immigration judge, and we review related findings of fact for substantial evidence. Id. at 1350. We must affirm the decision of the Board so long as it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Id. at 1351 (quoting Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001)). To reverse findings of fact by the Board, "'we must find that the record not only supports reversal, but compels it.'" Id. (quoting Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir.

2

2003)).  The "'mere fact that the record may support a contrary conclusion is not enough to justify a reversal.'"  Id. (quoting Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc)).

Liu argues that the Board failed to consider all the documentary evidence that she submitted, but we disagree.  The Board stated that it had conducted a "de novo review" of the evidence and based its decision on the "documentation assessed in [its] published cases" and the evidence submitted by Liu and the Department of Homeland Security.  See Morales v. INS, 208 F.3d 323, 328 (11th Cir. 2000).  The Board "announce[d] its decision in terms sufficient" to convey that it had given reasoned consideration to Liu's petition.  Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010) (quoting Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006)).

Substantial evidence supports the finding that Liu failed to qualify for asylum relief based on a well-founded fear of forced sterilization.  Liu submitted evidence about some incidents of forced sterilization that tended to prove she has a subjective fear of punishment, but the record does not compel the conclusion that Liu has an objectively reasonable fear that she will be persecuted for giving birth to two children in the United States.  See In re J-H-S-, 24 I. & N. Dec. 196, 198–99 (BIA 2007).  The 2007 Asylum Profile and the County of Origin

3

Information Research Section report states that couples who have children born abroad are not deemed to have violated the one-child policy if the children are not registered as permanent residents when they return to China. The Asylum Profile, citing regulations of the Fujian Province and a letter from the Fujian Province Population and Family Planning Committee on October 13, 2006, states that, even if a couple violates the family planning policy, they cannot be punished physically and instead will be fined. Although Liu submitted copies of two letters from family planning committees in the Fujian Province stating that Liu would be a "target for family planning sterilization," the letters were not properly authenticated, see 8 C.F.R. §§ 287.6, 1287.6, and the Asylum Profile reported that documents from the province were "subject to widespread fabrication and fraud." Liu also submitted affidavits from her mother and mother-in-law stating that local officials said they would force Liu to undergo sterilization, but the 2006 letter from the Fujian Province Committee stated that village committees lacked authority "to make decisions on family planning disposition" and any "certificate/proof issued by said Committee should be deemed ineffective."

Substantial evidence also supports the finding that Liu will not suffer economic persecution. Liu failed to prove that the likely amount of the fine she faces would cause "severe economic disadvantage" and reduce her family to "an

4

impoverished existence." In re T–Z–, 24 I. & N. Dec. 163, 173, 174 (BIA 2007). The Asylum Profile states that there is a "wide variation in the amount of social compensation fees" imposed in the Fujian Province and that "couples unable to pay the fee immediately may be allowed to pay in installments." Liu and Wang testified that they might have to pay $7,000, but Wang paid more than seven times that amount to be smuggled into the United States.

Liu also does not qualify for withholding of removal. To obtain relief, Liu had to prove that it is more likely than not that her "life or freedom would be threatened in [China] because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Because Liu cannot satisfy the"'well-founded fear' standard for asylum, it is a fortiori that [she] cannot meet the withholding of removal standard." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 891 (11th Cir. 2004).

We **DENY** Liu's petition for review.